IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

        Petitioner,

                                                         OPINION AND ORDER

    v.

                                                          09-cv-009-bbc

DR. K. ADLER; TAMMY MAASSON;
DR. B. COX; MARY BARTELS; DR. BOSTON;
CAPTAIN ANDERSON; CAPTAIN KARTMAN;
OFFICER BAILY; K. SOLOMON; LIEUTENANT
R. SKIME; MANDY MATHSON; JOHN DOE,
Warden; JANE DOE, Security Director; and
WISCONSIN DEPARTMENT OF CORRECTIONS,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action for monetary and injunctive relief brought under 42 U.S.C. §§ 1983 and 1981, petitioner Ceasar Banks, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a proposed complaint in which he raises a number of claims involving various alleged failures to provide him with medical and dental care, his Fourteenth Amendment rights to due process and his Eighth Amendment rights to safe and sanitary living conditions while he was housed at the Jackson Correctional Institution and the Prairie du Chien Correctional Institution. Petitioner has requested leave to proceed in forma

1

pauperis and has made the initial partial payment required of him under 28 U.S.C. § 1915. In addition, petitioner has filed several motions for a preliminary injunction or temporary restraining order against various respondents, motions for writs of habeas corpus ad testificandum, a motion to produce documents and a motion for appointment of counsel.

Because petitioner is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed petitioner's complaint, I conclude that he may not proceed at this time because he has improperly named the Wisconsin Department of Corrections as a respondent, he has failed to state a claim under 42 U.S.C. § 1981 and his complaint violates Fed. R. Civ. P. 20. Accordingly, I will reserve ruling on the merits of his complaint and his motions until he remedies the Rule 20 violations.

### A. Wisconsin Department of Corrections

Petitioner filed this suit against Wisconsin Department of Corrections as well as individual respondents. The Supreme Court has held that "neither a State nor its officials

2

acting in their official capacities are 'persons' under § 1983." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Therefore, petitioner will be denied leave to proceed against respondent Wisconsin Department of Corrections on his § 1983 claim.

### B. 42 U.S.C. § 1981

Section 1981 is a Reconstruction-era civil rights statute. Its scope is limited to claims of race discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981; Vakharia v. Swedish Covenant Hospital, 190 F.3d 799, 806 (7th Cir. 1999). Nowhere in petitioner's complaint does he allege that any one or more of the respondents have discriminated against him in relation to the formation or enforcement of a contract. Therefore, he is precluded from asserting § 1981 as a basis for jurisdiction over his claims.

### C. Rule 20

Rule 20 prohibits a petitioner from asserting unrelated claims against different respondents or sets of respondents in the same lawsuit. Multiple respondents may not be joined in a single action unless the petitioner asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

3

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against respondents in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, <u>Intercon Research Assn., Ltd. v. Dresser Ind., Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., <u>Federal Practice & Procedure</u>), which means that the core set of allowable respondents must be determined under Rule 20 before a petitioner may join additional unrelated claims against one or more of those respondents under Rule 18. This means also that under Rule 18, a party cannot join claims involving any respondent outside the group identified under Rule 20.

For example, a petitioner could have one lawsuit for breach of contract against respondents Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against respondents Smith, Jones and Brown. If the petitioner wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of respondents (Smith and Jones) is common to both claims.

Applying these rules to petitioner's complaint, I conclude that petitioner is raising claims that belong in as many as seven different lawsuits:

- <u>Lawsuit #1</u>: Respondents Dr. Adler and Maasson, the health service unit manager, at Jackson Correctional Institution failed to provide petitioner adequate treatment, testing and medications for his shoulder, back, hip and knee pain, from January 26, 2007 to sometime in 2008, when he was transferred to Prairie du Chien Correctional Institution;

- <u>Lawsuit #2</u>: Beginning in 2008, respondents Dr. Cox and Bartels, the health service unit manager, at Prairie du Chien Correctional Institution failed to provide him with adequate treatment and referrals to a specialist for his shoulder, back, hip and knee pain; respondent Mathson, an inmate complaint examiner, failed to properly investigate his complaint against Cox and Bartels;

- <u>Lawsuit #3</u>: Beginning in 2008, respondents Dr. Boston and Bartels unreasonably delayed dental care to him at Prairie du Chien Correctional Institution;

- <u>Lawsuit #4</u>: On November 14, 2008, respondent Anderson unreasonably delayed petitioner from going to the emergency room for heart problems by subjecting him to a strip search, placing him in full restraints, ordering him to remove braids from his hair and making him wait in a cold van for over an hour; respondent Mathson failed to properly investigate his complaint against respondent Anderson;

- <u>Lawsuit #5</u>: Following an altercation that petitioner had with a racist inmate on November 16, 2008, respondent Kartman lied about petitioner's involvement, which resulted in petitioner's being placed in segregation and being brought up on disciplinary charges; respondents Skime and Solomon denied petitioner a fair hearing on the charges; respondent Jane Doe ordered petitioner's transfer from minimum security to a maximum security facility without a fair hearing;

- <u>Lawsuit #6:</u> On August 4, 2008, respondent Baily destroyed photographs that were on a digital camera that petitioner's wife had sent him in the mail; respondent Mathson covered up Baily's actions and improperly denied petitioner's complaint concerning this matter; and

- <u>Lawsuit #7:</u> Respondents John and Jane Doe failed to provide safe and sanitary living conditions at Prairie du Chien Correctional Institution.

In addition to these claims, petitioner discussed other incidents in his complaint, but I have excluded those because he did not identify particular respondents who were involved. I assume that he does not intend to raise those incidents as separate claims.

5

Under George, I may apply the filing fee petitioner owes in this case to only one of the lawsuits I have identified above. Petitioner will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, petitioner has a more difficult choice. He may choose to pursue each lawsuit separately. In that case, he will be required to make an initial payment and pay a separate filing fee for each case that he pursues. In addition, petitioner may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As petitioner may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g). If petitioner wishes to combine any of these lawsuits without paying multiple filing fees, he will have to dismiss the respondents who prevent him from complying with Rule 20.

Alternatively, petitioner may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, petitioner will not owe additional filing fees or face strikes for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so petitioner would be able to bring it at another time.

Petitioner should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of

6

the lawsuits identified above. Once petitioner identifies the suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because petitioner faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

## ORDER

IT IS ORDERED that:

1. Petitioner Ceasar Banks is DENIED leave to proceed in forma pauperis against respondent Wisconsin Department of Corrections for failure to state a claim upon which relief may be granted.

2. Petitioner is denied leave to proceed in forma pauperis on a claim pursuant to 42 U.S.C. § 1981 against any respondent for failure to state a claim upon which relief may be granted.

3. Petitioner may have until February 23, 2009, to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

4. Petitioner may have until February 23, 2009, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

5. For any lawsuit that petitioner dismisses voluntarily, he will not owe a filing fee.

6. For each lawsuit that petitioner advises the court he intends to prosecute (other than the one petitioner chooses to keep assigned to this case number), he will owe a separate $350 filing fee and will be assessed an initial partial payment.

7. If petitioner fails to respond to this order by February 23, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

Entered this 6th day of February, 2009.

                            BY THE COURT:

                            /s/

                            _____
                            BARBARA B. CRABB
                            District Judge