IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

                  Petitioner,

                                          OPINION AND ORDER

    v.

                                          09-cv-009-bbc

DR. BURTON COX and MARY BARTELS,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Ceasar Banks has responded to this court's February 9, 2009 order in which I concluded that his complaint violated Fed. R. Civ. P. 20 because it contained as many as seven separate lawsuits against different sets of respondents and directed him to identify which lawsuits he wished to pursue. In his response, petitioner states that he wishes to 1) proceed in this action on Eighth Amendment claims against respondents Dr. Burton Cox and Mary Bartels for failure to provide adequate medical treatment; 2) proceed in a separate action on procedural due process claims against respondents Captain Kartman, Lieutenant R. Skime, K. Solomon and Security Director Jane Doe regarding disciplinary charges brought against him; and 3) voluntarily dismiss all of his other claims. Dkt. #26. On February 19, 2009, petitioner filed a motion to amend his complaint with respect to his

1

Eighth Amendment claim.  Dkt. #27.  Also before the court are several motions filed by petitioner for preliminary injunctive and other relief.

I will grant petitioner leave to proceed in the instant case, case no. 09-cv-09-bbc, with his Eighth Amendment claims against respondents Cox and Bartels.  His first amended complaint will become the operative pleading in this case.  Petitioner's due process claims against respondents Kartman, Skime, Solomon and Doe will be treated as a separate action, case no. 09-cv-98-bbc.  Petitioner's remaining lawsuits will be dismissed without prejudice. Finally, all of petitioner's motions for injunctive and other relief are denied.

As discussed in the previous order, I understood petitioner to be alleging the following claims in his complaint:

- <u>Lawsuit #1</u>:  Respondents Dr. Adler and Maasson, the health service unit manager, at Jackson Correctional Institution failed to provide petitioner adequate treatment, testing and medications for his shoulder, back, hip and knee pain, from January 26, 2007 to sometime in 2008, when he was transferred to Prairie du Chien Correctional Institution;

- <u>Lawsuit #2</u>:  Beginning in 2008, respondents Dr. Cox and Bartels, the health service unit manager, at Prairie du Chien Correctional Institution failed to provide petitioner with adequate treatment and referrals to a specialist for his shoulder, back, hip and knee pain; respondent Mathson, an inmate complaint examiner, failed to properly investigate petitioner's complaint against Cox and Bartels;

- <u>Lawsuit #3</u>:  Beginning in 2008, respondents Dr. Boston and Bartels unreasonably delayed dental care to petitioner at Prairie du Chien Correctional Institution;

- <u>Lawsuit #4</u>:  On November 14, 2008, respondent Anderson unreasonably delayed petitioner from going to the emergency room for heart problems by subjecting him

2

to a strip search, placing him in full restraints, ordering him to remove braids from his hair and making him wait in a cold van for over an hour; respondent Mathson failed to properly investigate his complaint against respondent Anderson;

• <u>Lawsuit #5</u>:  Following an altercation that petitioner had with a racist inmate on November 16, 2008, respondent Kartman lied about petitioner's involvement, which resulted in petitioner's being placed in segregation and being brought up on disciplinary charges; respondents Skime and Solomon denied petitioner a fair hearing on the charges; respondent Jane Doe ordered petitioner's transfer from minimum security to a maximum security facility without a fair hearing;

• <u>Lawsuit #6</u>:  On August 4, 2008, respondent Baily destroyed photographs that were on a digital camera that petitioner's wife had sent him in the mail; respondent Mathson covered up Baily's actions and improperly denied petitioner's complaint concerning this matter; and

• <u>Lawsuit #7</u>:  Respondents John and Jane Doe failed to provide safe and sanitary living conditions at Prairie du Chien Correctional Institution.

I. <u>09-cv-09-bbc</u>

Pursuant to petitioner's request, the claims raised in Lawsuit #2 will proceed as case no. 09-cv-09-bbc.  Petitioner has moved for leave to amend his complaint in this case.  Dkt. #27.  I note that the form of petitioner's first amended complaint complies with this court's policy that an amended complaint must look just like the original complaint, except that petitioner is to point out any change in respondents by highlighting their names in the caption and highlighting all the new or modified allegations that he has made to the body of the complaint or to his requests for relief.  Petitioner's first amended complaint contains

the same respondents except for Mandy Mathson, whose name is crossed out, and makes clear the new allegations against the remaining respondents.  The first amended complaint will be screened below pursuant to 28 U.S.C. § 1915 and will become the operative pleading in this case as a matter of course because plaintiff filed his first amended complaint before respondents filed an answer to his initial complaint.  Fed. R. Civ. P. 15(a)(1)(A).

Because petitioner is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Petitioner will be granted leave to proceed in forma pauperis in case no. 09-cv-09-bbc on his Eighth Amendment claim against respondents Cox and Bartels.

In his first amended complaint, petitioner fairly alleges the following facts.


A.  Allegations of Fact

At all times relevant to this complaint, petitioner was incarcerated at the Prairie du Chien Correctional Institution.  Respondent Burton Cox is the physician at the Prairie du Chien Correctional Institution and is responsible for providing inmates medical treatment

4

and, if necessary, referrals for specialized evaluation and treatment outside the institution. Respondent Bartels is the health services unit manager at the institution and is responsible for scheduling outside medical appointments for specialized treatment or evaluation.

As a result of a motor scooter accident in 2005, petitioner suffered a "grade 1 AC separation and a chip fracture of the scapula of his left shoulder." He also suffers from shoulder, back, hip and knee pain as a result of 13 motorcycle and scooter accidents. In late 2006 or early 2007, petitioner was incarcerated at the Jackson Correctional Institution. He was transferred to the Prairie du Chien Correctional Institution in early 2008. Around this time, petitioner's pain became unbearable, so he began writing to the health service unit, asking to see Dr. Cox.

Petitioner filed more than 50 medical complaints about his pain and received little response. Petitioner met with Dr. Cox and gave him medical records from St. Joseph's Hospital in Milwaukee. Dr. Cox said that he would refer petitioner to a physical therapist for six visits. Petitioner told Dr. Cox that he already had 10 physical therapy appointments for his left shoulder and his pain had only increased as a result.

Petitioner underwent the six physical therapy sessions at the hospital in Prairie du Chien. After his sixth visit, the physical therapist asked that petitioner be evaluated by an orthopedic specialist. Petitioner saw Dr. Pearson, an orthopedist, who ordered a magnetic

5

resonance imaging scan of petitioner's left shoulder and Alltrum for pain.  Dr. Cox approved the imaging study but refused to prescribe Alltrum.

After reviewing the imaging study results, Dr. Pearson told plaintiff that he did not need physical therapy but needed surgery on his left shoulder within the next two weeks. Dr. Pearson again recommended pain medication for petitioner.  Dr. Cox declined to follow Dr. Pearson's recommendations and instead sent petitioner to the University of Wisconsin Hospital and Clinics in Madison, where petitioner saw an intern who ordered him back to physical therapy after reviewing the results of a 2004 magnetic imaging scan.

On October 20, 2008, petitioner filed an inmate complaint, alleging that he had been denied adequate medical care for his left shoulder.  On November 6, 2008, the inmate complaint examiner found that petitioner was not receiving adequate medical care.  Dr. Cox was ordered to schedule petitioner for another surgical consultation with the orthopedist. On January 16, 2009, Dr. Cox sent petitioner back to the intern at the University of Wisconsin Hospital and Clinics with a report that he prepared about petitioner's shoulder. Dr. Cox did not disclose Dr. Pearson's report to the intern.  The intern again declined to perform surgery of petitioner but recommended Alltrum, which Dr. Cox refused to provide. Dr. Cox gave petitioner aspirin for pain.

Petitioner complained several times to respondent Bartels and asked to meet with her. Bartels told petitioner that he could "write until he was blue" but he would not receive any

6

narcotic pain medications.  Petitioner told Bartels that he did not want to be on pain medication and just wanted his shoulder fixed.  Bartels told him that he could sue her in court as long as he spelled her name correctly.

Each time that petitioner wrote Dr. Cox, Bartels intercepted the communication and replied, preventing petitioner from seeing Dr. Cox.  After reviewing his medical file and speaking with the health services unit bookkeeper, petitioner learned that Bartels had failed to send the correct medical information to the intern at the University of Wisconsin. Petitioner has not yet received the treatment needed for his hips, knees, back or shoulder problems.

Petitioner had written this court on behalf of a fellow inmate, Robbe Miller, who was being denied medical treatment for his pain by Cox and Bartels.  After receiving a court order in Miller's case on October 1, 2008, petitioner told Bartels that Dr. Cox had been ordered to provide Miller the treatment recommended by a specialist.  Bartels denied receiving any such notice and told petitioner that "the courts don't run HSU I do."

### B. Discussion

Petitioner's claim in this case involves respondents' alleged failures to 1) provide him with narcotic pain medication and allow him to undergo surgery for his left shoulder, as recommended by an orthopedic specialist; 2) provide correct medical information to the

intern at University Hospital and Clinics; and 3) treat him for his back, hip and knee problems.  Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person.  Johnson v. Snyder,  444 F.3d 579, 584-85 (7th Cir. 2006).  The condition does not have to be life threatening.  Id.  A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if otherwise subjects the detainee to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).  "Deliberate indifference" means that the officials were aware that the detainee needed medical treatment, but disregarded the risk by failing to take reasonable measures.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).  Under this standard, petitioner's claim has three elements:

(1)  Did petitioner need medical treatment?

(2)  Did respondents know that petitioner needed treatment?

(3)  Despite their awareness of the need, did respondents fail to take reasonable measures to provide the necessary treatment?

I conclude that petitioner has alleged the minimum facts necessary to state a claim upon which relief may be granted. He alleges that he has a serious medical problem with respect to his left shoulder, which causes him constant pain. According to petitioner, Dr. Cox ignored the recommendations of the orthopedic specialist that petitioner be given narcotic pain medication and undergo surgery, instead relying on an intern to whom he provided incorrect medical information and an outdated magnetic imaging study. Petitioner also alleges that Bartels repeatedly ignored his medical complaints, prevented him from seeing Dr. Cox, sent the intern incorrect medical information and refused to schedule medically recommended surgery. At the pleading stage, I must accept petitioner's allegations as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, petitioner will be granted leave to proceed on his Eighth Amendment claims against respondents Cox and Bartels.

At summary judgment or at trial, petitioner will have to prove that he needed treatment for each of his conditions, that respondents knew that he needed such treatment and that there were reasonable steps they could have taken to provide adequate treatment but they chose not to do so without exercising medical judgment. It will not be enough for petitioner to show that he disagrees with respondents' conclusions about the appropriate treatment, Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006), or even that respondents could have provided better treatment, Lee v. Young, 533 F.3d 505, 511-12 (7th

9

Cir. 2008).  Rather, petitioner will have to show that any decisions by respondents were "so

blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate"

his condition.  <u>Snipes v. DeTella</u>, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations

omitted).

I turn next to the motions petitioner has filed in this case.  He wants the court to do

the following:

1.  Order respondents Cox and Bartels to arrange for an evaluation of petitioner's left shoulder by an orthopedic specialist and to approve appropriate surgery to restore function to his left shoulder.  Dkt #7.

2.  Order the warden of the Prairie du Chien Correctional Institution to produce inmate Robbe Miller before this court for a hearing.  Dkt. #10.

3.  Order the warden of the Prairie du Chien Correctional Institution to bring petitioner before this court to testify at a hearing.  Dkt. ## 11 and 12 (the motions are identical).

I cannot consider petitioner's request for injunctive relief at this time because his motion

does not comply with this court's procedures for obtaining a preliminary injunction.  Under

these procedures, which I am enclosing to petitioner with a copy of this order, petitioner

must file with the court and serve on respondents proposed findings of fact supporting his

claim, and submit with his proposed findings of fact any evidence he has to support his

request for relief.  If petitioner submits such a motion in this case, I will set a short deadline

within which respondents will be required to respond to it.  For now, however, I will deny

10

petitioner's motion for a preliminary injunction because petitioner failed to comply with this court's procedures.

Petitioner's requests that he and Miller testify at a hearing before this court will be denied as unnecessary. To the extent that petitioner wishes to present evidence related to his request for a preliminary injunction, he should do so by following the court's procedures outlined above. Otherwise, if petitioner' case proceeds to trial, he will have the opportunity to testify and question witnesses.

## II.  09-cv-98-bbc

Case number 09-cv-98-bbc will be assigned to Lawsuit #5, which raises the following claims: following an altercation that petitioner had with a racist inmate on November 16, 2008, respondent Kartman lied about petitioner's involvement, which resulted in petitioner's being placed in segregation and being brought up on disciplinary charges; respondents Skime and Solomon denied petitioner a fair hearing on the charges; and respondent Jane Doe ordered petitioner's transfer from minimum security to a maximum security facility without a fair hearing.

28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

11

> appeal in a court of the United States that was dismissed on the grounds that
> it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

On at least three occasions prior to case no. 09-cv-98-bbc, petitioner has filed lawsuits that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. Banks v. McCreedy, 04-cv-737-bbc (W.D. Wis. Dec. 9, 2004); Banks v. Kulieke, 04-C-1167 (E.D. Wis. Apr. 27, 2005); Banks v. Adler, 09-cv-09-bbc (W.D. Wis. Feb. 9, 2009). (The most recent dismissal was the court's February 9, 2009 order in case no. 09-cv-09-bbc, in which I found that petitioner failed to state a claim under 42 U.S.C. § 1981 or a claim against respondent Wisconsin Department of Corrections.) Thus, petitioner must prepay the entire filing fee for case no. 09-cv-98-bbc unless his complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Although petitioner states in his response that he needs Lawsuit #5 "heard very badly" because his "life is at stake," dkt. #26, there is nothing in his claim

suggesting that he is in imminent danger.  Petitioner may have until March 13, 2009 in which to offer such an explanation or voluntarily dismiss this case.  If petitioner fails to respond by March 13, or if the court determines from his submission that he does not qualify for the exception to the three-strikes bar, he will be required to prepay the $350 fee for filing case no. 09-cv-98-bbc before this court decides whether he can proceed with his complaint.

Petitioner has filed a motion for injunctive relief requiring the warden to remove him from segregation, dkt. #4, and a request for production of recorded information, dkt. #13. The motion for a preliminary injunction does not comply with this court's procedures and will be denied without prejudice to his refiling of a proper motion after he pays the filing fee required in case no. 09-cv-98-bbc.  Petitioner's request for production is essentially a discovery request, which is not appropriate at this stage of the new lawsuit.  Therefore, that motion will be denied without prejudice to petitioner's refiling a similar request pursuant to the Federal Rules of Civil Procedure if discovery is allowed to commence in case no. 09-cv-98-bbc.

III.  <u>REMAINING LAWSUITS</u>

As requested by petitioner, I will dismiss under Fed. R. Civ. P. 41 all of the claims that petitioner raised in Lawsuits ##1, 3, 4, 6 and 7.  These claims will be dismissed without

prejudice to petitioner's refiling them at a later date. The two motions related to Lawsuit #3, dkt.##14 and 17, will be denied as moot.

ORDER

IT IS ORDERED that:

1. This action is SEVERED in accordance with Fed. R. Civ. P. 20. In case no. 09-cv-09-bbc, I will consider petitioner's claims that respondents Burton Cox and Mary Bartels violated his Eighth Amendment rights. In case no. 09-cv-98-bbc, I will consider petitioner's claims that on November 16, 2008, respondent Kartman lied about petitioner's involvement in a confrontation with another inmate and improperly charged him with a conduct violation; respondents Skime and Solomon denied petitioner a fair hearing on the charges; and respondent Jane Doe ordered petitioner's transfer from minimum security to a maximum security facility without a fair hearing.

2. The following claims are DISMISSED without prejudice to petitioner's refiling them at a later date:

   a.   Respondents Adler and Maasson failed to provide petitioner adequate treatment, testing and medications for his shoulder, back, hip and knee pain, from January 26, 2007 to sometime in 2008, when he was transferred to Prairie du Chien Correctional Institution.

   b.   Beginning in 2008, respondents Boston and Bartels unreasonably delayed dental care to petitioner at Prairie du Chien Correctional Institution.

14

c. On November 14, 2008, respondent Anderson unreasonably delayed petitioner from going to the emergency room for heart problems by subjecting him to a strip search, placing him in full restraints, ordering him to remove braids from his hair and making him wait in a cold van for over an hour; respondent Mathson failed to properly investigate his complaint against respondent Anderson.

d. On August 4, 2008, respondent Baily destroyed photographs that were on a digital camera that petitioner's wife had sent him in the mail; respondent Mathson covered up Baily's actions and improperly denied petitioner's complaint concerning this matter.

e. Respondents John and Jane Doe failed to provide safe and sanitary living conditions at Prairie du Chien Correctional Institution.

3. Petitioner's motions for a temporary restraining order and a hearing related to his dismissed claims, dkt. ## 14 and 17, are DENIED as moot.

FURTHER IT IS ORDERED that in Case No. 09-cv-09-bbc:

1. Petitioner's first amended complaint, dkt. #28, is the operative pleading.

2. Petitioner is GRANTED leave to proceed on his Eighth Amendment claims that respondents Cox and Bartels failed to provide him with adequate treatment for his shoulder, back, hip and knee pain.

3. Respondents K. Adler, Tammy Maason, Boston, Anderson, Kartman, Baily, K. Solomon, R. Skime, Mandy Mathson, John Doe Warden and Jane Doe Security Director are DISMISSED from this case.

15

4.   Petitioner's motion for a preliminary injunction, dkt. #7, is DENIED without prejudice to petitioner's refiling a motion in this case that complies with this court's procedures.

5.   Petitioner's requests for a hearing and witness testimony in this case, dkt. ##10-12, are DENIED as unnecessary.

6.   For the remainder of this lawsuit, petitioner must send respondents Cox and Bartels a copy of every paper or document that they file with the court.  Once petitioner learns the name of the lawyer that will be representing respondents, he should serve the lawyer directly rather than respondents.  The court will disregard documents petitioner submits that do not show on the court's copy that he has sent a copy to respondents or to respondents' attorney.

8.   Petitioner should keep a copy of all documents for his own files.  If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of their documents.

9.   Pursuant to an informal service agreement between the Attorney General and this court, copies of petitioner's complaint and this order are being sent today to the Attorney General for service on respondents Cox and Bartels.

16

FURTHER IT IS ORDERED that in Case No. 09-cv-98-bbc:

1.  Petitioner may have until March 13, 2009 in which to explain how he qualifies for the exception to the three-strikes bar or voluntarily dismiss this case.  If petitioner fails to respond by March 13, or if the court determines from his submission that he does not qualify for the exception, he will be required to prepay the $350 filing fee.

2.   Petitioner's motions for a temporary restraining order and production of documents, dkt. ##4 and 13, are DENIED without prejudice to petitioner's refiling motions in this case that comply with this court's procedures.

Entered this 26th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

17