IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

              Petitioner,

                                                                              ORDER

    v.

                                                           09-cv-098-bbc

CAPTAIN KARTMAN,
LIEUTENANT R. SKIME,
K. SOLOMON and
JANE DOE, Security Director,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

              Petitioner,

    v.

                                                           09-cv-105-bbc

CAPTAIN KARTMAN,
K. SOLOMON and
LIEUTENANT R. SKIME,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

In this civil action for monetary, declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983, petitioner Ceasar Banks, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a proposed complaint alleging that respondents Captain Kartman, Lieutenant R. Skime, K. Solomon and Jane Doe denied him a fair disciplinary hearing in violation of his procedural due process rights under the Fourteenth Amendment. In an order entered on February 26, 2009, dkt. #29, I found that petitioner is subject to the three-strikes bar under 28 U.S.C. § 1915(g) and asked him to explain his general allegation that he qualifies for the imminent danger exception. Petitioner now has moved for reconsideration of that order, arguing that his 2004 and 2005 cases should not be counted as strikes because they were dismissed for his failure to pay the filing fee and not because they were legally frivolous or failed to state a claim. Dkt. #32. Alternatively, he asserts that he is in imminent danger and should not be subject to the three strikes bar. Dkt. #31. Finally, petitioner has filed what appears to be a proposed amended complaint against respondents Kartman, Solomon and Skime.

I am denying petitioner's motion for reconsideration because he has failed to show that strikes were erroneously applied in his 2004 and 2005 cases. Petitioner asserts that the cases of Banks v. McCreedy, 04-cv-737-bbc (W.D. Wis. Dec. 9, 2004) and Banks v. Kulieke, 04-C-1167 (E.D. Wis. Apr. 27, 2005) were dismissed because of his failure to pay the filing fee. Petitioner is incorrect. In the 2004 case, petitioner paid an initial partial filing fee of

2

$5.75 on November 17, 2004, and on December 14, 2004, this court denied him leave to proceed because his allegations failed to state a claim for deliberate indifference. Dkt. #11, case no. 04-cv-bbc. Similarly, petitioner paid the initial partial filing fee in his 2005 case, but the court dismissed his case as lacking any arguable basis in law. Banks v. Kulieke, 2005 WL 1154222, *5 (E.D. Wis. Apr. 27, 2005).

However, I note that in reviewing petitioner's original complaint under Rule 20, I dismissed the Wisconsin Department of Corrections as a party and denied petitioner leave to proceed on a § 1981 claim against any respondent. That ruling resulted in petitioner earning a third strike before he had the opportunity to remedy his Rule 20 violations and decide which claims to pursue. It has been the court's practice to offer petitioners an opportunity to remedy Rule 20 violations before progressing to the screening stage. E.g., Muehl v. Thurmer, 2009 WL 249978 (W.D. Wis. Feb. 2, 2009); Pippin v. Frank, 2005 WL 503823, *2 (W.D. Wis. Mar. 1, 2005); see also Boriboune v. Berge, 391 F.3d 852, 856 (suggesting that district courts alert prisoners to risks of joint litigation). Accordingly, on its own motion, the court will remove the strike in this case, dkt. #24, because it was assessed prematurely in the context of a Rule 20 order. As a result, it is unnecessary to decide whether petitioner qualifies for the exception under § 1915(g).

With respect to petitioner's proposed amended complaint, I find that it was opened erroneously as a new case, no. 09-cv-105-bbc. Because the amended complaint relates to

3

case no. 09-cv-98-bbc, it should be docketed in that case. Therefore, I will direct the clerk of court to close case no. 09-cv-105-bbc and insure that the court's financial records reflect that petitioner does not owe the $350 filing fee for that case.

Petitioner's first amended complaint contains the same respondents except for Jane Doe, whose name is crossed out, and makes clear the new allegations against the remaining respondents. However, before this court may decide whether petitioner can proceed with his first amended complaint, he will have to make an initial partial payment of the filing fee. In a previous order, I calculated that amount to be $1.27. Case no. 09-cv-09-bbc, dkt. #18. Petitioner must pay the remainder of the $350 filing fee in monthly installments even if his request for leave to proceed is denied. If petitioner does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that petitioner is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount petitioner must pay at this time is the $1.27 initial partial payment. Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular account whatever amount up to the full amount petitioner owes. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send petitioner's initial partial payment to this court.

4

If and when petitioner pays the initial partial filing fee, the first amended complaint will be screened pursuant to 28 U.S.C. § 1915 and will become the operative pleading in this case as a matter of course because plaintiff filed his first amended complaint before respondents filed an answer to his initial complaint. Fed. R. Civ. P. 15(a)(1)(A).

ORDER

IT IS ORDERED that in case no. 09-cv-98-bbc:

1. Petitioner Ceasar Banks's motion for reconsideration, dkt. #32, is DENIED.

2. On the court's own motion, petitioner is not subject to the three-strikes bar under 28 U.S.C. § 1915(g) as of the date of this order.

3. Petitioner is assessed $1.27 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $1.27 on or before April 8, 2009. If, by April 8, 2009, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this without prejudice to petitioner's filing his case at a later date.

FURTHER IT IS ORDERED that the clerk of court is directed to close case no. 09-cv-105-bbc and insure that the court's financial records reflect that petitioner does not owe the $350 fee for filing that case.

Entered this 18th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge