IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

                    Plaintiff,

                                                    OPINION AND ORDER

          v.

                                                    09-cv-98-bbc

CAPTAIN KARTMAN,
LIEUTENANT R. SKIME,
K. SOLOMON, CAPTAIN HASELBERG
and JANE DOE,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Ceasar Banks, an inmate at the Waupun Correctional Institution, has moved for a preliminary injunction on his claim that he was placed in segregation at a supermaximum security institution and then at a maximum security institution following a fight with another inmate, in violation of his rights to due process and equal protection under the Fourteenth Amendment. Dkt. #44. As relief, he seeks immediate release from the Waupun Correctional Institution, transfer to a minimum security institution and expungement of his disciplinary record concerning the fight. In related motions, plaintiff has 1) moved for an extension of time within which to file his reply brief, dkt. #83; 2) moved

1

to strike several documents submitted by defendants Captain Kartman, Lieutenant R. Skime, K. Solomon and Captain Haselberg, dkt. #79; and 3) moved for a writ of habeas corpus ad testificandum, requesting a hearing on his motion for a preliminary injunction so that he may testify on his own behalf and be allowed to view and test the accuracy of a video recording submitted by defendants, dkt. ##48 and 88.  Plaintiff filed his reply brief on July 6, 2009, before the court had an opportunity to rule on his motion for an extension.  I will grant the motion to extend but will deny all of plaintiff's other motions.

## A. <u>Motion to Strike</u>

In support of his motion to strike Exhibits A, C, D, E, G, H, I, L and M to affidavits submitted by defendants, dkt. ##58 and 60-61, plaintiff asserts that defendants improperly requested that he release his medical information before discovery commenced and reviewed his prison records without filing a request for production of documents or seeking plaintiff's consent.  However, as defendants point out, their exhibits contain only documents related to plaintiff's conduct reports and disciplinary hearing.  They do not contain plaintiff's confidential medical information.  <u>Anderson v. Romero</u>, 72 F.3d 518, 522 (7th Cir. 1995) (noting prisoners' limited rights to privacy and emergence of "a qualified constitutional right to the confidentiality of medical records and medical communications" in lower courts). Because defendants created and have maintained plaintiff's disciplinary records and have no

2

independent obligation to obtain plaintiff's consent to look at them, they are entitled to obtain them and submit them to the court without filing a request for production of documents.  Plaintiff also takes issue with the fact that defendants rely on evidence that he filed with the court.  Although I understand that plaintiff believes this to be unfair, once evidence has been submitted to the court, it becomes part of the record and either party may refer to it.  Plaintiff's motion to strike will be denied.

B.  Requests for Preliminary Injunction and Hearing

Undisputed affidavits submitted by defendants show that in November 2008, defendant Richard Skime imposed a penalty of 180 days of disciplinary segregation on plaintiff in conjunction with Adult Conduct Report No. 1944617 and another 60 days of disciplinary segregation in conjunction with Adult Conduct Report No. 1944619 for violations of Wis. Admin. Code § DOC 303.17 (fighting).  Plaintiff was placed in segregation at the Wisconsin Secure Program Facility, a supermaximum security institution, on January 19, 2009 and remained there for 65 days.  On March 18, 2009, he was transferred to maximum security at the Waupun Correctional Institution, where he remains in segregation for another couple of months.

To prevail on a motion for a preliminary injunction, plaintiff must show that he has some chance of success on the merits and that the balance of harms favors immediate relief.

3

Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998). Defendants assert that plaintiff has no likelihood of success because he has failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997e. In the alternative, they argue that there is no chance that plaintiff will succeed on either his due process or equal protection claims. Although I agree that plaintiff may face hurdles with respect to exhaustion, defendants have not convinced me that he has no chance of succeeding on his claims with respect to that issue. However, because I find that plaintiff has not shown irreparable harm, his motion for a preliminary injunction will be denied. Therefore, it is unnecessary to address the likelihood of plaintiff's success on the merits of his claims.

1.   Exhaustion of administrative remedies

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary

appeals, <u>Burrell v. Powers</u>, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." <u>Pozo</u>, 286 F.3d at 1025.  The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation.   <u>Woodford v. Ngo</u>, 548 U.S. 81, 88-89 (2006).

Defendants assert that the administrative remedies available to plaintiff in this case included appeals under Wis. Admin. Code §§ DOC 302.18, 303.76 and 310.08.  Section DOC 310.08 provides for an inmate complaint review system, through which an inmate may raise issues regarding rules, living conditions, staff actions and civil rights complaints.  A program review committee decision is not appealable under this system.  An inmate also cannot use the system to raise issues regarding a conduct report unless the inmate has first exhausted his remedies under § DOC 303.76.  § DOC 310.08(2)(a)-(b).  However, after exhausting the appeal process in § 303.76 or § 302.18, an inmate may challenge the *procedure* used by either a program review committee or an adjustment committee.  § DOC 310.08(3).  To invoke the inmate complaint review system, an inmate first must file an offender complaint.

Section DOC 302.18(1) provides inmates with a right to appeal a custody classification, transfer or institution placement within 30 days of receiving a written decision.  Section DOC 303.76(7)(a) provides that an inmate may appeal an adjustment committee's decision or sentence to the warden within 10 days of a due process hearing or

5

the inmate's receipt of the committee's decision.  Although the warden's decision is final with respect to the sufficiency of the evidence, an inmate may appeal procedural errors under § DOC 310.08(3).  § DOC 303.76(7)(d).

Defendants assert that plaintiff failed to exhaust his administrative remedies with respect to his equal protection claim because in filing his November 28, 2008 appeal of the adjustment committee's decision under § DOC 303.76(7), dkt. #61, Exh. M, he discussed only general discrimination and not *race* discrimination.  Defendants argue that this was insufficient to notify the warden of the nature of plaintiff's equal protection claim and informs the warden only that plaintiff believed "he got a raw deal on the penalty" in comparison to the other inmate.  I disagree.  The term discrimination commonly refers to prejudice or different treatment because of differences between the parties involved.  The warden would certainly be put on notice that plaintiff believed that he was treated differently because of some difference between himself and the other inmate.  Further, in his reply, plaintiff submits a copy of a request for review form, dkt. #87, Exh. B, that he avers he filed with the warden on November 28, 2008.  In that document, plaintiff discusses race discrimination.  Although the request for review appears to be part of the § DOC 310.08 complaint process, plaintiff filed it on the same day as he filed his § DOC 303.76(7) appeal to the warden.  Given these facts, I cannot find that the warden would not have been aware that plaintiff was complaining about race discrimination and not just an unfair sentence.

6

Defendants also assert that plaintiff's § DOC 303.76(7) appeal fails to challenge the hearing officer's determination of guilt or allege any procedural violations with respect to the hearing.  In support, defendants submit an affidavit from the program support supervisor at Waupun Correctional Institution, who avers that plaintiff filed only one § DOC 303.76 appeal.  Dkt. #61, at ¶¶ 2-3, 9 and Exh. M.  Further, a corrections complaint examiner at the Department of Corrections avers that business records show that after November 30, 2008, plaintiff did not file a § DOC 310.08 offender complaint raising any issue related to Adult Conduct Report Nos. 194417 or 1855236; the December 2008 program review; plaintiff's transfer to the Wisconsin Secure Program Facility or racial discrimination with respect to his disciplinary penalty, transfer or program review.  Dkt. #62.

In reply, plaintiff avers that he filed an offender complaint on November 26, 2008, in which he raised the issues of procedural violations in the due process hearing and racial discrimination in sentencing.  Dkt. #87, Exh. A.  When plaintiff heard no response to his § DOC 310.08 appeal, he filed a request for corrections complaint examiner review on November 30, 2008.  Dkt. #87, Exh. C.  Given that defendants' evidence establishes only that plaintiff did not file an offender complaint after November 30, 2008, I must accept plaintiff's averments as true for the purposes of this motion.

With respect to the procedure used at the due process hearing, an inmate may file an appeal pursuant to § DOC 310.08(3) by filing an offender complaint.  Plaintiff filed such

7

an appeal.  However, plaintiff did not challenge the hearing procedures in a § DOC 303.76 appeal.  Although § DOC 310.08(3) states that an inmate may raise procedural challenges to a due process hearing "after exhausting the appeal process in . . . 303.76," it is not entirely clear whether the inmate can raise procedural issues in a § DOC 303.76 appeal.  Section DOC 303.76(7) permits appeals of an adjustment committee's *decision* or *sentence* and provides that the warden's decision is final with respect to the sufficiency of the evidence. With respect to procedural errors, that section provides that an inmate may file an appeal under § DOC 310.08(3), which plaintiff did in this case.  I also note that in affirming the adjustment committee's decision in this case, the warden wrote that "I can only review evidence supported by this case.  Disposition and findings are substantiated."  An inference could be drawn from this statement that the warden cannot review procedural errors.  An ambiguity in the regulations is a problem because prisoners may not have sufficient guidance on the appropriate course of action.  Westefer v. Snyder, 422 F.3d 570, 580 (7th Cir. 2005) (when prison officials fail to "clearly identif[y" proper route for exhaustion, they cannot later fault prisoner for failing to predict correct choice).

I am hesitant to make any final ruling on the exhaustion issue at this point given the present state of the record. Defendants have only briefly addressed exhaustion in conjunction with the instant motion for preliminary injunctive relief.  Their argument focuses on what issues plaintiff failed to raise rather than explaining what remedies were

8

available with respect to each issue and when plaintiff was required to exercise those remedies.  Further, plaintiff has not had an opportunity to respond to many of these matters.  Without more, I can not find that plaintiff has no chance of succeeding on his claims with respect to exhaustion.

2.  Irreparable harm

Plaintiff asserts that he will be irreparably harmed if he remains at Waupun because he can not obtain rehabilitative treatment at that institution and will be forced to serve the full extent of an unlawfully imposed punishment.  However, plaintiff offers no evidence of in support of these allegations.  Further, even if plaintiff had adduced such evidence, these facts would be insufficient to establish that he is entitled to preliminary injunctive relief.

As I explained in the initial screening order in this case, the first question in any due process analysis is whether a protected liberty or property interest has been infringed.  To rise to the level of a protected liberty interest, a prisoner's change in freedom must "exceed the sentence in such an unexpected manner" or otherwise "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 483-484 (1995); see also Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001).  Disciplinary segregation can trigger due process protections depending on the duration and conditions of the segregation.  Marion v. Columbia Correctional

9

Institution, 559 F.3d 693, 697-98 (7th Cir. 2009) (citing Wilkinson v. Austin, 545 U.S. 209, 224 (2005)).  However, the Court of Appeals for the Seventh Circuit has emphasized that all of the circumstances of a prisoner's segregation, including the actual conditions he experienced, must be taken into account.  Id. at 698.

At the time he filed his motion for preliminary injunctive relief, plaintiff had served most of his period of disciplinary segregation (175 out of 240 days).  More important, he fails to provide any details concerning the conditions of his confinement.  Therefore, I am unable to determine whether he is experiencing "atypical and significant" conditions at Waupun.  (Although transfers from a general population facility to the Wisconsin Secure Program Facility, particularly for an indefinite period, might meet the Sandin standard, plaintiff is no longer housed there.  Lagerstrom v. Kingston, 463 F.3d 621, 623 (7th Cir. 2006).)  Therefore, plaintiff's motion for a preliminary injunction will be denied.  Plaintiff's requests for a hearing will be denied as unnecessary.


ORDER

IT IS ORDERED that:

1.  Plaintiff Ceasar Banks's motion for an extension of time within which to file a reply brief, dkt. #83, is GRANTED.

2.  Plaintiff's motion for a preliminary injunction, dkt. #44, and motion to strike, dkt. #79, are DENIED.

10

3.  Plaintiff's requests for a writ of habeas corpus ad testificandum, dkt. ##48 and 88, are DENIED as unnecessary.

Entered this 13th day of July, 2009.

BY THE COURT:

_____
BARBARA B. CRABB
District Judge